## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1.  GARVIN COUNTY TOWING &
    RECOVERY, LLC,

     Plaintiff,

  v.

1.  HALLMARK COUNTY MUTUAL
    INSURANCE COMPANY,

    Defendant.

Case No.  CIV-22-318-C

## AGREED PROTECTIVE ORDER AS TO DOCUMENTS

Upon a joint motion [Doc. No. 23], the parties have agreed to the provisions of this Agreed Protective Order.  The Court finds pursuant to Rule 26 (c), Federal Rules of Civil Procedure, that good cause has been shown for entering this Agreed Protective Order.

To facilitate discovery in this case, and to prevent unnecessary disclosure of proprietary information and documents of the parties or others during the course of discovery, the Court enters this Protective Order, which has been agreed to by the parties in this case, pursuant to Rule 26(c)(1)(G). **THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** by the Court as follows:

1.      This Order applies inasmuch as this action may involve discovery and production of documents and testimony containing confidential information, such

as trade secret information, information relating to non-parties, product information, and commercial and financial data, which, if disclosed to persons other than those specified herein, would pose a significant risk of injury to legitimate business interests of the disclosing party and the privacy interests of parties and non-parties, such materials may be designated as confidential by the producing party, regardless of whether the information is produced pursuant to Rule 26, Federal Rules of Civil Procedure, whether in electronic or paper form, produced by any party hereto, whether disclosed in response to discovery requests, requests during depositions, informal discovery requests, or in any other manner.

2.     "Confidential Information," which shall be subject to the terms of this Agreed Protective Order, shall be defined as:  the claims file, claims notes, and claims materials related to this lawsuit, identification of contact information or other sensitive or confidential information pertaining to any current or former employees of all involved parties, trade secrets or other confidential research, development or commercial information, financial records, reports or files or similar documents or files that a party in good faith designated as "CONFIDENTIAL" information.

3.     However, as specifically enumerated in paragraph 12, a party may object to the designation of material as confidential. Should a party so object and

an agreement cannot be reached between the producing party and the objecting party as to the proper designation or status of materials and/or information, the procedure and provisions contained in paragraph 12 shall apply in determining the scope, designation or status of the disputed material and/or information.

4.      The information or documents believed to contain confidential or proprietary information may be marked with a stamp identifying the document as "Confidential" (the "Confidential Stamp").  A Confidential Stamp may also be affixed to any written discovery responses, deposition transcripts, or other information that the producing party in good faith believes contains confidential information.  The failure to affix the Confidential Stamp to any document shall not act as a waiver by a producing party of the right to designate documents or other information as "Confidential" or estop a party from designating this information as confidential at a later date. If a party fails to designate information as confidential at the time it is produced or otherwise disclosed through the discovery process, the producing party may notify the receiving party that the information is confidential and the receiving party shall thereafter treat it as confidential. Disclosure of the information by the receiving party prior to such later designation is not a violation of this Order.  All documents affixed with the "Confidential Stamp" shall be treated as Confidential Information and shall be subject to the terms of this Agreed Protective Order.

5.      In the case of multi-page documents, the notice designating the document as Confidential must be prominently stamped on the cover page or first page of each document that is deemed to contain confidential material.

6.      The parties recognize that certain confidential information may be disclosed in or discussed testimony in depositions, hearings, or otherwise.  To the extent confidential status is claimed as to such testimony, and no opportunity exists to stamp it with the confidential stamp, a party may, on the record at such deposition, hearing, or other proceedings, declare specific types of information to be confidential and to be treated as such.  In the event any confidential material is shown to a deposition witness, it shall not lose its confidential status.

7.      All Confidential Information shall be protected and treated as confidential and shall be used only for the purposes of this litigation and for no other purpose whatsoever.  Confidential Information may be disclosed only as follows:

a.      Confidential Information may be disclosed to the parties, counsel of record in this case, and their legal assistants, paralegals, secretaries, and other support staff.

b.      Confidential Information may be disclosed to actual or proposed expert witnesses, witnesses, parties, and employees

4

of parties who are assisting counsel of record in the prosecution or defense of this action.

c.    Confidential Information may be disclosed to court reporters; to persons preparing transcripts of testimony or exhibits or persons making photocopies thereof to the extent necessary to prepare such transcripts, exhibits, or photocopies; and to the Court, when necessary in any proceeding herein.

d.    Confidential Information may be disclosed to consultants and other persons who are assisting counsel of record in the prosecution or defense of this action, and also claims administrators, reinsurers, and auditors.

8.    Each attorney will advise any witness such attorney presents or is otherwise within the attorney's control that pursuant to this Protective Order, the person may not divulge such material to any other persons. Otherwise, Counsel for the party making a disclosure to any person not within opposing counsel's control and as specified in Paragraph 7 above is obligated to notify such person that such Confidential Information is Confidential and subject to this Agreed Protective Order, and such counsel shall take reasonable steps to preserve the confidentiality of such Confidential Information and testimony.

9.     In the event a party should conclude that for purposes of this action, it needs to disclose any confidential materials to person(s) not specified above, it shall request the producing counsel to grant permission to do so for specified documents or information. To be effective, such consent must be granted in writing and must be specific as to documents or information which may be disclosed. Permission granted under this section obviates the need to request permission from the Court to disclose confidential information.

10.     Within thirty (30) days after the conclusion of litigation, all Confidential Information shall be returned to counsel for the party that produced it or shall be destroyed. For purposes of this paragraph, the "conclusion of litigation" shall be deemed to have occurred when: (i) a final non-appealable order has been entered herein; (ii) a stipulation or order of dismissal with prejudice has been filed herein; or (iii) the parties have agreed in writing that the litigation is concluded. Each party, through counsel, shall provide written certification of destruction, including if applicable, a certification that electronically stored information has been destroyed or erased in a matter that prevents such information from being practicably read or reconstructed. As to those materials that contain or reflect Confidential Information, but that constitute or reflect counsel's work product, the counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this

Order, so long as it is clearly marked to reflect that it contains information subject to this Order. Such materials may not be used in connection with any other proceeding or action.

11.     The termination of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the obligation to continue complying with the terms of this Agreed Protective Order.  In the event a party or counsel for a party receives a subpoena issued in another lawsuit for confidential documents produced in this action, the party receiving such subpoena shall give prompt notice to the party who originally disclosed the documents in the lawsuit. The party receiving such a subpoena agrees not to produce documents until the date specified on the subpoena for production. Further, if a motion to quash or other lawful action is taken, the party receiving such subpoena agrees not to produce any such documents until a final order is entered resolving the motion to quash or that other lawful action taken.

12.     A party may, at any time, make a good faith challenge and object to the designation of materials as Confidential by providing written notice of each designation it is challenging and describing the basis for each challenge. In the event a party objects to the designation of any material under this Order, the objecting party shall confer (by telephone or otherwise) within five (5) business days of the date of service of written notice with the designating party to attempt

to informally resolve the dispute. If the dispute cannot be resolved in this manner, the party seeking to maintain the designation of the subject Confidential Information shall, within twenty (20) days, present the dispute to the Court by way of motion, and such designating party shall have the burden of producing evidence or grounds to establish that confidential designation on the subject information is proper. The information shall remain protected until a definitive ruling by the Court.

13.    Nothing herein shall be deemed to restrict the use by the parties or the parties' attorneys of documents they have produced.  Nothing herein shall be deemed to prevent a party from obtaining, using, or disclosing any information obtained from public sources.

14.    Nothing herein shall be deemed a waiver of any party's right to otherwise oppose the production of documents or information for any reason.

15.    Nothing herein shall be construed as a waiver of any privilege or protection accorded to any communications, information, or documents.

16.    This Order governs the exchange and use of documents and information before trial. The parties may request appropriate orders addressing the use of confidential information at trial.

17.     The parties herein shall have a right to seek a modification of this Agreed Protective Order from the Court upon a showing of good cause.

IT IS SO ORDERED  this 15th  day of June 2022.

ROBIN J. CAUTHRON
United States District Judge

APPROVED:


*/s/ Daniel C. Hayes (w/permission)*
Daniel C. Hayes, OBA #30101
CHANSOLME HARROZ HAYS, PLLC
1219 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 602-8098
Facsimile: (405) 605-1371
Email: dch@thefirmokc.com
**Attorneys for Plaintiff**


*/s/ Kerry R. Lewis*
KERRY R. LEWIS, OBA #16519
klewis@rhodesokla.com
AUSTIN T. JACKSON, OBA #33932
ajackson@rhodesokla.com
RHODES, HIERONYMUS, JONES TUCKER & GABLE
(918) 582-1173
(918) 592-3390 Facsimile
**Attorneys for Defendant**